# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**TINA MOORE**                                                                      **PLAINTIFF**

v.                                        **No. 1:18-CV-00064-JM-JTK**

**NANCY A. BERRYHILL,**
**Acting Commissioner,**
**Social Security Administration**                                        **DEFENDANT**

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James Moody. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## REASONING FOR RECOMMENDED DISPOSITION

Tina Moore applied for social security disability benefits with an amended alleged onset date of April 12, 2016. (R. at 32). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 19). The Appeals Council denied Moore's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Moore has requested judicial review.

For the reasons stated below, the magistrate judge recommends affirming the Commissioner's decision.

**I.**        **The Commissioner's Decision**

The ALJ found that Moore had the severe impairments of affective disorder and anxiety disorder. (R. at 12). In determining Moore's residual functional capacity (RFC), the ALJ found that Moore could perform work at all exertional levels but would be limited to simple, routine, and repetitive tasks; simple, work-related decisions; interpersonal contact that is incidental to the work performed; and supervision that is simple, direct, and concrete. (R. at 14). Moore had no past relevant work. (R. at 18). The ALJ took testimony from a vocational expert (VE) and determined that Moore could perform jobs such as hand packer, housekeeper, or addresser. (R. at 19). The ALJ therefore held that Moore was not disabled. (R. at 19).

## II.   Discussion

Moore argues that the ALJ erred in weighing the opinion of her treating psychiatrist. For the reasons stated below, Moore's argument must fail.

The Court is to affirm the ALJ's decision if it is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). Even if it is possible to draw two inconsistent positions from the evidence, the Court must affirm if one of those positions represents the ALJ's findings. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

Whatever weight the ALJ gives to a treating physician's opinion, the ALJ must give good reason for giving the opinion that weight. *Hamilton v. Astrue*, 518 F.3d 607, 610 (8th Cir. 2008). Thomas Zurkowski, M.D. opined that Moore had no usable ability to remember locations and work procedures; understand, remember, and carry out

short, simple instructions; maintain attention and concentration for eight hours; sustain an ordinary routine without daily supervision; work with or near others without being distracted; to be on time and complete a normal workday or workweek without excessive absences due to psychologically based symptoms; interact appropriately with the public; accept instructions and criticism from supervisors; get along with coworkers and peers, and maintain socially appropriate behavior. (R. at 405). Dr. Zurkowski found that Moore would have unreliable performance in dealing with typical work stress. (R. at 405). Dr. Zurkowski also indicated that Moore would miss more than three days of work per month, could not reliably pay her bills, and was at risk of impulsive acts with dire financial consequences. (R. at 405).

This opinion contrasts sharply with the opinion of consultative examiner Vickie Caspall, Ph.D., who opined that Moore was capable of adequate, socially appropriate communication and interaction; had the capacity to communicate in an intelligible and effective manner; had adequate verbal comprehension; below average mental flexibility; showed the ability to concentrate and showed adequate working memory; showed no signs of difficulty with persistence; and did not display remarkable psychomotor or cognitive slowing. (R. at 382–83).

Further detracting from the credibility of Dr. Zurkowski's opinion, treatment records do not indicate the extreme limitations of the opinion. On April 13, 2017, she reported increased mood stability and that treatment was helping. (R. at 386). While there are records of more severe symptoms, those records pre-date the alleged onset date. (R. at 260, 285). More recent records indicate that she has responded well to medications and has had a decrease in symptoms. (R. at 397). These inconsistencies between the medical opinions and the medical evidence were for the ALJ to resolve, and

the ALJ allowed for significant mental limitations that represent a compromise between the conflicting opinions.

While there is evidence to support Moore's position, it is not sufficient to overcome the standard of review. A reviewing court may not reverse simply because it would have come to a different conclusion. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). It is of no import whether the undersigned would have weighed the same evidence differently, but only whether there is evidence a reasonable mind would find adequate to support the ALJ's decision. *Id.* The Eighth Circuit has gone so far as to note that if it is possible to draw two inconsistent conclusions from the evidence, a reviewing court must affirm if one of those conclusions represents the ALJ's findings. *Milam*, 794 F.3d at 983. In this case, the ALJ's decision was supported by opinion evidence and the medical record of such sufficiency that the undersigned must recommend affirmation.

### III.    Recommended Disposition

The ALJ properly analyzed the medical opinions and fairly resolved conflicts in the evidence. The ALJ's decision is supported by substantial evidence on the record as a whole and is not based on legal error. For these reasons, the undersigned magistrate judge recommends AFFIRMING the decision of the Commissioner.

It is so ordered this 18th day of April, 2019.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE